Patrick Colsher
(NJ Bar # 012732010)
Reichman Jorgensen Lehman & Feldberg LLP
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com

*Counsel for Plaintiffs*
(Additional Counsel on Signature Page)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Valtrus Innovations Ltd., and Key Patent Innovations Ltd.,<br><br>Plaintiffs,<br><br>v.<br><br>H5 Data Centers LLC,<br><br>Defendant. | Civil Action No.<br><br>Hon.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiffs Valtrus Innovations Limited ("Valtrus") and Key Patent Innovations Limited ("KPI") (collectively, "Plaintiffs"), by and through undersigned counsel, bring this complaint for patent infringement and damages against Defendant H5 Data Centers LLC ("H5") and, in support, allege the following:

## PARTIES

1. Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies, including Hewlett-Packard Development Company, L.P. (collectively, "HPE"). Valtrus is an Irish entity duly

organized and existing under the laws of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

2. KPI is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the Asserted Patents. KPI is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of KPI is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3. On information and belief, H5 is a limited liability company organized and existing under the laws of the State of Delaware. On information and belief, H5 can be served with process at Paracorp Incorporated, 2140 S. DuPont Hwy., Camden, DE 19934.

## ASSERTED PATENTS

4. Valtrus is the assignee of and owns all right and title to each of the Asserted Patents, which are U.S. Patent Nos. 6,854,287 (the ’287 Patent); 6,868,682 (the ’682 Patent); and 6,718,277 (the ’277 Patent).

5. The Asserted Patents were developed by inventors working for HPE. HPE developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to data center cooling and analytics for monitoring conditions in data centers.

6. The ’287 Patent, entitled “Cooling System,” was duly and lawfully issued on February 15, 2005. A true and correct copy of the ’287 Patent is attached hereto as Exhibit 1.

7. The ’287 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the ’287 Patent, including the right to seek damages, including past damages, for any infringement thereof.

8. The ’682 Patent, entitled “Agent Based Control Method and System for Energy Management,” was duly and lawfully issued on March 22, 2005. A true and correct copy of the ’682 Patent is attached hereto as Exhibit 2.

9. The ’682 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the ’682 Patent, including the right to seek damages, including past damages, for any infringement thereof.

10. The ’277 Patent, entitled “Atmospheric Control Within a Building,” was duly and lawfully issued on April 6, 2004. A true and correct copy of the ’277 Patent is attached as Exhibit 3.

11. The ’277 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the ’277 Patent, including the right to seek damages, including past damages, for any infringement thereof.

## JURISDICTION AND VENUE

12. This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. § 100 et seq.

13. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

14. H5 operates a data center in this District. H5’s New Jersey data center facility is located at 200B Meadowlands Parkway, Secaucus, NJ 07094.[1]

15. This Court has general and specific personal jurisdiction over H5. H5 operates a data center in this District. H5 has maintained offices, employees, and business operations in New Jersey, and has therefore purposefully availed itself of the privileges of conducting business in New Jersey and has minimum contacts with the State of New Jersey. The exercise of personal jurisdiction is proper under the New Jersey Long Arm Statute, and consistent with the Due Process

[1] https://h5datacenters.com/new-jersey-data-center.html

Clause. The Court also has specific personal jurisdiction over H5 because, on information and belief, it has performed methods in its New Jersey data center facility that infringed the Asserted Patents, such that Plaintiffs' causes of action arise directly out of H5's contacts with New Jersey.

16. Venue is proper in this District under 28 U.S.C. § 1400(b). H5 has a regular and established place of business in this District at its New Jersey data center facility. On information and belief, H5 has committed acts of infringement in this District at this facility.

## DEFENDANT'S DATA CENTERS AND INFRINGING CONDUCT

17. H5 owns and operates a number of data centers across the United States. For example, H5 advertises operating data centers in 26 US markets totaling more than 4 million square feet.[2] H5's data centers implement cooling equipment from various suppliers, and H5 used that equipment to perform methods of cooling that, on information and belief, infringed the Asserted Patents.

18. In particular, H5 has used cooling equipment from Vertiv Corporation in its data centers. For example, Vertiv cooling units can be seen inside H5's data centers in virtual tours on its website:

[2] https://h5datacenters.com/data-centers.html




https://www.youtube.com/watch?v=Ts5FFzwaXA0

19. H5 has also used cooling equipment from Stulz in its data centers. For example, Stulz cooling units can be seen inside H5's data centers in virtual tours on its website:




https://www.youtube.com/watch?v=vsGAwDND1hI

20. On information and belief, H5 may have used other cooling equipment or software from suppliers beyond those listed above in its data centers to perform methods that infringe the

Asserted Patents, including, for example, Trane, DataAire, Schneider Electric, Automated Logic, and Nlyte. On information and belief, H5 may also use equipment or software from additional suppliers that Valtrus is not aware of from public information but that can be identified through discovery.

21. Valtrus notified H5 of its infringement of its patent portfolio relating to data center technologies and sought to resolve this dispute prior to bringing this case.

22. On January 9, 2025, Valtrus sent a letter to Josh Simms, H5's Chief Executive Officer, informing H5 about its patent portfolio and offering an opportunity to license the patents. The letter attached a representative list of data center-related patents and included claim charts demonstrating infringement of seven patents, including the Asserted Patents. The letter also noted that Valtrus had incomplete information regarding the products and methods used by H5 in its data centers because those data centers are secure facilities that are not open to the public, and offered to enter into a non-disclosure agreement with H5 to confirm the scope and extent of H5's infringement.

23. Valtrus and H5 corresponded about Valtrus's licensing proposal in May 2025 but did not reach a license deal.

24. In the declaratory judgment litigation pending between Valtrus and Vertiv, *see Vertiv Corporation v. Valtrus Innovations Ltd.*, No. 2:24-cv-00907 (E.D. Tex.), where Vertiv has stated repeatedly that it will be liable for any judgment against its customers for infringing Valtrus's patents using its equipment, Valtrus sought to resolve its customer allegations directly with Vertiv. Valtrus made multiple attempts to resolve its disputes with Vertiv's customers throughout 2024 and 2025, and Vertiv consistently refused to engage. On February 5, 2026, Valtrus sent a final

request to Vertiv to resolve its customers' infringement without litigation. Exhibit 4. Vertiv never responded.

25. Because H5 and Vertiv have refused to Valtrus's efforts to resolve this dispute without litigation, and H5 has not provided any additional information about its cooling equipment used in its data centers, Plaintiffs have been forced to file this case to protect their valuable patent rights.

## FIRST CLAIM

**(Infringement of the '287 Patent)**

26. Valtrus re-alleges and incorporates herein by reference paragraphs 1-25 of the Complaint.

27. The '287 Patent is generally directed to a system and method for cooling a room configured to house a plurality of computer systems.

28. H5 infringed the '287 Patent by performing methods of cooling its data centers prior to the expiration of the '287 Patent. As described above, H5 has used cooling equipment and control software from at least Vertiv and Stulz to cool its data centers, and may have also used other cooling equipment and control software from other suppliers such as Trane, DataAire, and Schneider Electric in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how H5 used or may have used these products to infringe claim 1 of the '287 Patent are attached as Exhibits 5-8.

## SECOND CLAIM

**(Infringement of the '682 Patent)**

29. Valtrus re-alleges and incorporates herein by reference paragraphs 1-25 of the Complaint.

30. The ’682 Patent is generally directed to a system and method for controlling temperature in a data center based on sensory data.

31. H5 infringed the ’682 Patent by performing methods of cooling its data centers prior to the expiration of the ’682 Patent. As described above, H5 has used cooling equipment and control software from at least Vertiv and Stulz to cool its data centers, and may have also used other cooling equipment and control software from other suppliers such as Trane, DataAire, and Schneider Electric in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how H5 used or may have used these products to infringe claim 1 of the ’682 Patent are attached as Exhibits 9-12.

## <u>THIRD CLAIM</u>

## (Infringement of the ’277 Patent)

32. Valtrus re-alleges and incorporates herein by reference paragraphs 1-25 of the Complaint.

33. The ’277 Patent is generally directed to a system and method for controlling atmospheric conditions within a data center building.

34. H5 infringed the ’277 Patent by performing methods of cooling its data centers prior to the expiration of the ’277 Patent. As described above, H5 has used cooling equipment or software from at least Stulz to cool its data centers, and may have also used other cooling equipment or software from other suppliers such as Automated Logic and Nlyte in a similar manner to perform the claimed methods. An exemplary claim chart reflecting how H5 used or may have used these products to infringe claim 1 of the ’277 Patent is attached as Exhibit 13.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Valtrus prays for judgment against H5, as follows:

A. That H5 has infringed each of the Asserted Patents;

B. That H5 pay Plaintiffs damages adequate to compensate Plaintiffs for its past infringement of each of the Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

C. That H5 pay prejudgment and post-judgment interest on the damages assessed;

D. That this is an exceptional case under 35 U.S.C. § 285; and that H5 pay Plaintiffs' attorneys' fees and costs in this action; and

E. That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Date: April 13, 2026

Respectfully submitted,

*s/ Patrick Colsher*
Patrick Colsher
(NJ Bar # 012732010)
Sean M. McCarthy (*pro hac vice forthcoming)*
Reichman Jorgensen Lehman & Feldberg LLP
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com
smccarthy@reichmanjorgensen.com

Matthew G. Berkowitz (*pro hac vice forthcoming)*
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com

Connor S. Houghton (*pro hac vice forthcoming)*
Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
choughton@reichmanjorgensen.com

*Attorneys for Plaintiffs*

## CERTIFICATION UNDER LOCAL RULES 11.2 AND 40.1

Pursuant to Local Civil Rules 11.2 and 40.1(c), Plaintiff certifies that it has filed actions asserting the same patents in this District, and that there are other actions currently pending in other courts involving some of the same patents. Three cases involving the same patents are being contemporaneously filed in this District on this same date:

- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. Cologix, Inc.*
- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. H5 Data Centers LLC*
- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. Iron Mountain Data Centers LLC*

The following cases are currently pending in other judicial districts and involve one or more of the same patents:

- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. CoreSite, LLC*, No. 26-cv-03926 (N.D. Ill.)
- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. Lumen Technologies, Inc.*, No. 26-cv-03928 (N.D. Ill.)
- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. Netrality Properties, LP*, No. 26-cv-03929 (N.D. Ill.)
- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. NTT Global Data Centers Americas, Inc.*, No. 26-cv-03945 (N.D. Ill.)
- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. Prime Data Centers LLC*, No. 26-cv-03958 (N.D. Ill.)
- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. EvoDC, LLC*, No. 26-cv-00286 (E.D. Tex.)

- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. STACK Infrastructure, Inc.*, No. 26-cv-00287 (E.D. Tex.)
- *Vertiv Corporation v. Valtrus Innovations Ltd.*, No. 2:24-cv-00907 (E.D. Tex.)
- *Vertiv Corporation v. Valtrus Innovations Ltd. and Key Patent Innovations Ltd.*, No. 2:26-cv-00084 (E.D. Tex.)

*s/ Patrick Colsher*
Patrick Colsher
(NJ Bar # 012732010)
Reichman Jorgensen Lehman & Feldberg LLP
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com

## CERTIFICATION UNDER LOCAL RULE 201.1

Pursuant to Local Civil Rule 201.1, Plaintiffs hereby certify that this civil action is not subject to compulsory arbitration, as Plaintiffs seek monetary damages in excess of $150,000, exclusive of interest and costs and any claim for punitive damages.

*s/ Patrick Colsher*
Patrick Colsher
(NJ Bar # 012732010)
Reichman Jorgensen Lehman & Feldberg LLP
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com